IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION

| | | |
|---|---|---|
| In Re Subpoena Issued to Janice Neubrand, | ) | |
| CPA of  Crouch, Farley, & Heuring, P.C. | ) | |
| in the Matter of: | ) | |
| | ) | No. (Ancillary Action) |
| JULIE A. SWANSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | No. 3:19-cv-03220-SEM-TSH |
| | ) | (Lead Case) |
| MURRAY BROS, LLC, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| MARGARITA A. MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.     3:20-cv-03083-SEM-TSH |
| | ) | (Consolidated with 19-CV-03220) |
| JIMMIE DALE COX, | ) | |
| MURRAY BROS, LLC, | ) | |
| LARRY MURRAY TRUCKING, INC. and | ) | |
| PIRAMAL GLASS-USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**LARRY MURRAY TRUCKING, INC.'S AND LARRY MURRAY INDIVIDUALLY'S MOTION TO QUASH SUBPOENA**

COMES NOW the Defendant, Larry Murray Trucking, Inc. and Larry Murray

Individually by and through their attorneys, and for their Motion to Quash or Modify Plaintiff

Martinez's Subpoena to Janice Neubrand, Certified Public Accountant (CPA) of Crouch, Farley,

& Heuring, P.C., hereby states as follows:

This Motion arises out a lawsuit filed in the Federal District Court sitting in the Central

District of Illinois. Counsel for Margarita Martinez served a subpoena on Janice

Neubrand/Crouch, Farley, & Heuring, P.C. in Bonne Terre, Missouri, in which this District

1

Court sits. Pursuant to Fed. R. Civ. Pro. 45(d)(3), "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv)subjects a person to undue burden. Larry Murray, an individual is not a party to the underlying litigation and the records subpoenaed are unduly burdensome to his privacy rights. In addition, the records requested are protected from disclosure by Missouri's Accountant privilege codified at R.S.Mo. 326.322 and no waiver or exception applies. Therefore, Larry Murray individually, and Larry Murray Trucking, Inc. ask this Court to quash or otherwise the subpoena consistent with the motion.

3

## PARTIES

1. Plaintiff, Margarita Martinez, is a citizen of the state of Illinois.

2. Plaintiff, Joan Elmore, is a citizen of the state of Illinois.

3. Plaintiff, Robert Elmore, is a citizen of the state of Illinois.

4. Plaintiff, Julie Swanson, is a citizen of the state of Illinois.

5. Plaintiff, Madison Swanson, is a citizen of the state of Illinois.

6. Defendant, Murray Bros, LLC., is a limited-liability company organized under the laws of the state of Missouri with its principal office located in the state of Missouri.

7. Defendant, Jimmie Dale Cox, is a citizen of the state of Missouri.

8. Defendant, Larry Murray Trucking, Inc., is a Missouri corporation with its principal place of business located in the state of Missouri.

9. Defendant, Piramal Glass-USA, Inc. is a Delaware corporation with its principal place of business located in the state of New Jersey.

2

10. Subpoena Recipient, Janice Neubrand, is a certified public accountant licensed in the state of Missouri and employed by Crouch, Farley, & Heuring, P.C., 212 North Division Street, Bonne Terre, MO 63628.

## JURISDICTION

11. The Central District of Illinois has subject matter jurisdiction over the underlying, consolidated action under 28 USC §1332. There is complete diversity amongst the parties to said action, and the amount in controversy exceeds $75,000.00.

12. This Court has personal jurisdiction over the Subpoena Recipient, Janice Neubrand, under Federal Rules of Civil Procedure 45(c)(1)(A). Ms. Neubrand resides, is employed, and/or transacts business within 100 miles of the place of compliance listed in said subpoena, 10281 Business 21, Suite A, Hillsboro, Missouri 63050, located in the Eastern District of Missouri, Eastern Division.

## VENUE

13. Venue is proper in the Eastern District of Missouri, Eastern Division under Federal Rules of Civil Procedure 45(d)(3)(A), as the place of compliance listed in said subpoena is located within the Eastern District of Missouri, Eastern Division.

## FACTUAL BACKGROUND

14. The underlying case involves a motor-vehicle accident that took place on April 29, 2018 on Interstate 55 North near Springfield, Illinois, between a 2014 Peterbilt owned by Murray Bros and operated by its employee, Jimmie Dale Cox, and a 2001 Chevrolet Cavalier operated by Tyler Parnell, in which Plaintiff Martinez was allegedly riding as a passenger. (ECF Doc. 65) (*All citations to ECF Documents in this Motion are with reference to those filed in the lead case*

3

*of the underlying, consolidated action pending in the Central District of Illinois, No. 19-CV-03220 - SEM/TSH).*

15. On July 7, 2020, Plaintiff filed a First Amended Complaint in relevant part against Murray Bros and Larry Murray Trucking, Inc. (ECF Doc. 65). Therein, Plaintiff asserts claims of respondeat superior and willful and wanton conduct against Murray Bros (Counts I and II) and claims of respondeat superior and negligent hiring, training, supervision, and retention against Larry Murray Trucking, Inc. (Counts V and VI). (ECF Doc. 65).

16. Per the allegations of Plaintiff's First Amended Complaint, both Murray Bros and Larry Murray Trucking are Missouri-based companies. (ECF Doc. 65). Murray Bros is a Missouri limited liability company wholly-owned by Lee Murray and his brother, Larry Murray. (Deposition Transcript of Lee Murray as fact witness and Rule 30(b)(6) Representative of Murray Bros, attached hereto as "Ex. A" at pg. 14, ln. 17-25). Larry Murray Trucking is a Missouri corporation wholly owned by Larry Murray and his wife, Karen Murray. (Deposition Transcript of Larry Murray as fact witness and Rule 30(b)(6) Representative of Larry Murray Trucking, attached hereto as "Ex. B" at pg. 9, ln. 23 – pg. 10, ln. 4-19).

17. On July 16, 2020, Larry Murray was deposed both as a fact witnesses and Rule 30(b)(6) representative of Larry Murray Trucking, Inc.; and on September 10, 2020, Lee Murray was deposed both as fact witness and Rule 30(b)(6) representative of Murray Bros. (Ex. A; Ex. B).

18. In their respective depositions, both Lee Murray and Larry Murray testified at length to the corporate separation existing between Murray Bros and Larry Murray Trucking, Inc. at all relevant times, including but not limited to the fact that said entities (1) maintain separate bank accounts (Ex. A at pg. 268, ln. 19-20; Ex. B at pg. 57, ln. 14 – pg. 58, ln. 24); (2) issue separate

checks for payroll and other business expenses (Ex. A at pg. 268, ln. 22-24; Ex. B at pg. 29, ln. 2-4); (3) are not engaged in the same or similar lines of business (Ex. A. at pg. 141, ln. 6-15; Ex. B at pg. 104, ln. 4-24); (4) do not share equipment, supplies, or engage in joint advertising (Ex. B at pg. 89, ln. 20 – pg. 90, ln. 11); (5) maintain separate liability insurance policies, which are purchased through separate brokers, and are paid for through separate bank accounts (Ex. A at pg. 41, ln. 18 – pg. 42 ln. 20; Ex. B at pg. 53, ln. 13 – pg. 55, ln. 7; pg. 56 ln. 2 – pg. 57, ln. 17); (6) and while both entities use Larry Murray's home address as the address for their registered agents, said entities maintain separate business records. (Ex. A at pg. 166, ln. 24 – pg. 167, ln. 1-5; Ex. B at pg. 6, ln. 21 – pg. 7, ln. 4; pg. 15, ln. 2-17). 6

19. Further, both Lee Murray and Larry Murray testified that Janice Neubrand, CPA of Crouch, Farley & Heuring, PC, performs accounting services for Murray Bros. (Ex. A at pg. 268, ln. 22 – pg. 269, ln. 2; Ex. B at pg. 15, ln. 20 – pg. 16, ln. 3). Larry Murray further testified that Ms. Neubrand does not perform said services for Larry Murray Trucking, Inc.. However, Ms. Neubrand may have financial documents from Larry Murray individually and his businesses in preparing personal tax returns for him. (Ex. B at pg. 16, ln. 1-3).

**ARGUMENT**

The subpoena, attached as Exhibit 1, was addressed to accountants Janice Neubrand and Crouch, Farley, & Heuring, PC, seeking the following documents:

> For the time period from 2010 thru 2020; produce any and all checking, savings, and operating accounts records, including payments and deposits received, as well as checks issued and cashed, for Lee Murray and Larry Murray, and their associated businesses Murray Bros, LLC and Larry Murray Trucking, Inc., any and all state and federal tax returns, with any and all associated schedules for Lee Murray and Larry Murray, and their associated businesses Murray Bros, LLC and Larry Murray Trucking, Inc. any and all payroll records for Lee Murray and Larry Murray, and their associated businesses Murray Bros, LLC and Larry Murray Trucking, Inc., including but not limited to, paychecks, issued to employees, when they were paid, by whom, when the checks were issued, from what accounts, and any and all documents of whatever kind or nature

5

recording or referring to same, including, but not limited to, correspondence, emails, contracts, invoices, and employment applications appurtenant to same.

The subpoena requests privileged documents, is overbroad as to the length of time documents are being sought, and is overbroad as to the documents being requested. For these reasons, Larry Murray Trucking, Inc. and Larry Murray individually ask this court to quash the subpoena, or in the alternative to limit the scope of documents to be produced pursuant to Rule 45(d)(3).

## CHOICE OF LAW

This case is in Federal Court in the Central District of Illinois under its Diversity Jurisdiction. Plaintiffs are citizens of the state of Illinois and Defendants and affected non-party Larry Murray are citizens of the state of Missouri. A federal court in a diversity case is to use the Choice of Law rules in effect for the state in which the District Court sits. Day & Zimmermann, Inc. v. Challoner, 423 U.S. 3, 4, 96 S. Ct. 167, 168, 46 L. Ed. 2d 3 (1975).

Illinois has adopted Restatement (Second) of Conflict of Laws § 139 to determine the choice of law for privileges. Sterling Fin. Mgmt., L.P. v. UBS PaineWebber, Inc., 336 Ill. App. 3d 442, 782 N.E.2d 895, 904, 270 Ill. Dec. 336 (1st Dist. 2002). According to the Restatement (Second) of Conflict of Laws, the state with the most significant relationship with the communication "will usually be the state where the communication took place, which…is the state where an oral interchange between persons occurred, where a written statement was received or where an inspection was made of a person or thing." Id. However, Section 139 of the Restatement (Second) of the Conflict of Laws also states, in relevant part, as follows: "(2) Evidence that is privileged under the local law of the state which has the most significant relationship with the communication but which is not privileged under the local law

of the forum *will be admitted* unless there is some special reason why the forum policy favoring admission should not be given effect." Id.

The Illinois Court of Appeals set forth a number of factors to determine if the local law has a "special reason" to keep the communications confidential. Those factors include the following:

(1) the number and nature of the contacts that forum state has with the parties and the transaction involved;

(2) the relative materiality of the evidence sought to be excluded;

(3) the kind of privilege involved; and

(4) fairness to the parties. Id.

While this case is pending in Illinois, Janice Neubrand is the Missouri based accountant whose documents are being requested. Larry Murray, Lee Murray, Larry Murray Trucking, and Murray Bros., LLC are all citizens of Missouri. Larry and Lee individually are not parties to this lawsuit but are affected by the subpoena. Missouri law contains certain statutory protections under an Accountant privilege, R.S.Mo. 326.322.

As to the non-party individuals, Missouri is the only state with an interest in the documents being subpoenaed. Illinois has no jurisdiction over them individually and so therefore no interest in whether their personal information is being released pursuant to a subpoena.

As to Larry Murray Trucking, Inc., a Missouri corporation, its principal place of business is in Missouri, and any communications would have been with this Missouri accountant to prepare Missouri tax returns for its owners. Missouri's statute gives the client the right to confidentiality: "1. Except by permission of the client for whom a licensee performs services…, a licensee pursuant to this chapter shall not voluntarily disclose information communicated to the

7

licensee by the client relating to and in connection with services rendered to the client by the licensee. The information shall be privileged and confidential….” RSMo § 326.322.

On the other hand, Illinois's accountant confidentiality statute is limited to accountants licensed in the state of Illinois. 225 ILCS 450/27. Furthermore, the grant of confidentiality is limited to the accountant themselves, and not to their client. Brunton v. Kruger, 2015 IL 117663, ¶ 34, 32 N.E.3d 567, 573. Illinois, therefore, does not have an interest in the outcome of whether a Missouri citizen has the right to keep records and communications with their account confidential, while Missouri has passed a statute expressly granting the privilege to the people whose records are being subpoenaed. Missouri law should therefore apply.

**MISSOURI STATUTE GRANTS BROAD PRIVILEGE**

Janice Neubrand is an accountant. (deposition of Larry Murray, Ex. 2, p. 16, ln. 11-13). Any activity she has done and any file she does have would be in her role as an accountant.

As noted above, “1. Except by permission of the client for whom a licensee performs services…, a licensee pursuant to this chapter shall not voluntarily disclose information communicated to the licensee by the client relating to and in connection with services rendered to the client by the licensee. The information shall be privileged and confidential….” RSMo § 326.322. This grant of confidentiality is broad:

> 2. A licensee shall not be examined by judicial process or proceedings without the consent of the licensee's client as to any communication made by the client to the licensee in person or through the media of books of account and financial records, or the licensee's advice, reports or working papers given or made thereon in the course of professional employment, nor shall a secretary, stenographer, clerk or assistant of a licensee, or a public accountant, be examined, without the consent of the client concerned, regarding any fact the knowledge of which he or she has acquired in his or her capacity as a licensee. This privilege shall exist in all cases except when material to the defense of an action against a licensee. RSMo § 326.322 (West)

8

This case is not against Janice Neubrand or her accounting firm. Therefore, the subpoena seeking "financial records" is in violation of the statute on its face. Nor has there been any waiver. Waiver could include "the voluntary commencement of litigation placing in issue [client's] financial condition. State ex rel. Sw. Bell Publications v. Ryan, 754 S.W.2d 30, 32 (Mo.App. E.D. 1988). Here, neither Larry nor Lee Murray is a party, and have therefore not put their financial status in issue. Neither company has filed a pleading in the lawsuit seeing redress for their financial condition. There has been no waiver and the subpoena should therefore be quashed.

### THE SUBPOENA IS OVERBROAD

If this Court is inclined to enforce the subpoena, Larry Murray and Larry Murray Trucking, Inc. ask this Court to limit its scope. It is not entirely clear why the subpoena was issued, but the two possibilities are Plaintiff's Counsel's effort to find evidence to pierce the corporate veil vis-à-vis Larry Murray trucking, Inc. and Murray Bros, LLC., and to make a showing of the financial condition of Larry Murray Trucking, Inc. A copy of the Amended Complaint filed by Margarita Martinez is attached to this Motion.

To the extent the subpoena seeks the financial records of Larry Murray personally (especially his personal tax returns), these have no relevance as Mr. Murray is not a party. Tax returns for Larry Murray Trucking, Inc. and paychecks or other distributions to Mr. Murray from one or the other business could show something about the businesses' financial status, and so to the extent the records sought are business records from the companies, but are also records with Larry Murray's name individually on them, Larry Murray understands that these might be discoverable, subject to the limitations below.

The date range for the documents being requested is much too broad. It seeks records after the accident in question, and for a period of 7 years before the accident. If the intent is to argue there was some piercing of the corporate veil available to Plaintiffs, the relevant time period would be around the time of the accident. Larry Murray Trucking, Inc. would agree to the time period of two years before the accident, 2016, to the date of the accident, April 29, 2018, as possibly leading to the discovery of admissible evidence.

If the intent is to establish the amount of punitive damages to award, the net worth at the time of trial would be the appropriate measure, so a profit and loss statement generated at or near the time of trial would be relevant, but the finances of the companies over a year out from trial would not be. Defendant Larry Murray Trucking, Inc. and Larry Murray individually ask this Court to limit the scope of the subpoena to 2016 to April 29, 2018.

**/s/ James A. Wilke**
James A. Wilke #6276886
WILKE & WILKE, P.C.
Attorneys for Defendant
Larry Murray Trucking, Inc. and Larry
    Murray individually
2708 Olive Street
St. Louis, Missouri 63103
314-371-0800
Fax: 314-371-0900
wilke@wilkewilke.net

I hereby certify that on February 3, 2021 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system and by using the U.S. Mail, upon all attorneys of record and subpoenaed parties as follows:

Sean Driscoll
Attorney at Law
120 North LaSalle St., 31st Floor
Chicago IL 60602
ATTORNEY FOR PLAINTIFFS SWANSON

Timothy J. Deffet
Attorney at Law
5875 N. Lincoln Avenue #231
Chicago, IL  60659
ATTORNEY FOR PLAINTIFF MARTINEZ

Matthew S. Hefflefinger
Attorney at Law
300 Hamilton Boulevard
Peoria, IL  61601-6199
ATTORNEY FOR DEFENDANTS
MURRAY BROTHERS, LLC AND JIMMIE DALE COX

Devin M. Taseff
Attorney at Law
P.O. Box 6199
Peoria, IL  61601-6199
ATTORNEY FOR DEFENDANTS MURRAY BROS,LLC and
JIMMIE DALE COX

Nathan M. Henderson
Attorney at Law
105 West Vandalia
Edwardsville, IL 62025
ATTRNEY FOR DEFENDANTS MURRAY BROS, LLC and
JIMMIE DALE COX

Melvin Tucker Blaser
Attorney at Law
525 W. Main Street, Suite 200
Belleville, IL  62220
ATTORNEY FOR DEFENDANT PIRAMAL GLASS-USA, INC.

Janice Neubrand
212 North Division Street
Bonne Terre, MO 63628


**/s/ James A. Wilke**

JAW:lb

11